```
UNITED STATES DISTRICT COURT                              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                             DOCUMENT
                                                          ELECTRONICALLY FILED
------------------------------------------------------ x  DOC#: _____
ELIANA MISAS and RHONDA                              :    DATE FILED: 7-25-16
MCINTOSH,                                            :
                              Plaintiffs,            :
                                                     :
              -against-                              :
                                                     :    14-cv-8787 (ALC) (DJF)
                                                     :    OPINION AND ORDER
NORTH-SHORE LONG ISLAND JEWISH                       :
HEALTH SYSTEM and JULIO                              :
CARDOZA,                                             :
                              Defendants.            :
                                                     :
------------------------------------------------------ x
```

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Eliana Misas and Rhonda McIntosh bring suit against their former employer, North-Shore Long Island Jewish Health System ("North Shore-LIJ"), and Julio Cardoza, their former supervisor. Defendants object to an order relating to discovery entered by United States Magistrate Judge Debra Freeman on May 20, 2016. The Court finds Defendants' objections to Judge Freeman's May 20, 2016, Order to be without merit and upholds her Order.

## BACKGROUND

### I.   Procedural Background

Plaintiffs initiated this action on November 4, 2015. (ECF No. 1.) They bring claims of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.*, as well as common-law claims of intentional and negligent infliction of emotional distress, negligent hiring, retention, and supervision, and slander per se. (ECF No. 1.) The case was referred to Magistrate Judge Freeman for purposes of general pretrial supervision, including discovery.

1

(ECF No. 13.) Discovery began in August 2015 and fact discovery was to be completed by May 15, 2016. (ECF No. 24.)

## II.   The Order at Issue

This decision addresses an Order related to discovery issued by Judge Freeman on May 20, 2016. (ECF No. 33.) By that Order, Judge Freeman denied two discovery motions made by Defendants: (1) a motion to compel both Plaintiffs to identify all of their healthcare providers and execute releases accordingly; and (2) a motion to extend the discovery timeline.

### A. Motion to Compel

On April 13, 2016, Defendants sent a letter motion to Judge Freeman to requesting that Plaintiffs be compelled to identify:

1) Every healthcare professional from whom they sought or received treatment, evaluation, diagnosis, or consultation for things unrelated to the damages alleged in the complaint during the time period January 1, 2010 to the present;
2) Every healthcare professional from whom they sought or received treatment, evaluation, diagnosis, or consultation, for any reason related to the alleged unlawful conduct in the Complaint, and/or the alleged injuries or damages sought in this action;
3) Every healthcare professional that prescribed any medication to Plaintiffs for the time period from January 1, 2010 to the present.

(Def.'s Mot. Compel, ECF No. 25, 2.) In addition, Defendants requested that Plaintiffs be compelled to provide executed authorized release forms, to allow the identified healthcare providers to release information to Defendants. (*Id.*)

Plaintiffs had previously identified and produced authorizations for those healthcare providers whom they had seen for the sole purpose of receiving treatment for the emotional distress injuries alleged in this action. (Def.'s Mot. Compel 3.) Defendants, however, argued that they were entitled to information on *all* of Plaintiffs' healthcare providers "in order to investigate whether other medical conditions or circumstances may have caused (or contributed to) their

2

purported emotional distress." (*Id.*) Defendants elaborated, "[O]ne can imagine any number of medical conditions (a cancer diagnosis, a sexual assault or trauma, infertility, exposure to a sexually-transmitted disease, or a miscarriage, to name just a few) that could cause or contribute to an individual's emotional distress," and thus, "Defendants are entitled to review *all* of Plaintiffs' medical records during the relevant time period to determine whether or not they suffered from any medical condition that could have caused, contributed to, or aggravated Plaintiff's alleged emotional distress." (*Id.*)

On May 3, 2016, Judge Freeman denied Defendants' motion without prejudice. (May 3, 2016, Order, ECF No. 27.) Her Order stated that Defendants' request was denied,

> in light of Plaintiffs' representation to the Court (in Dkt. 26) that they are seeking only "garden variety" emotional-distress damages. See *E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 120-23 (W.D.N.Y. 2009); *cf. Evanko v. Elec. Sys. Associates, Inc.*, No. 91 Civ. 2851 (LMM), 1993 WL 14458, at *2 (S.D.N.Y. Jan. 8, 1993). Defendants may renew their application if they can demonstrate, based on deposition testimony or other identified evidence, that particular medical information is relevant to Plaintiff's damages claims, or if, at a later juncture, Plaintiffs attempt to seek more than "garden variety" emotional-distress damages or offer psychological or medical testimony or records to support their claims for emotional-distress damages.

(*Id.*)

On May 9, 2016, Defendants submitted a second letter motion requesting reconsideration of the May 3, 2016, Order. (Def.'s Mot. Reconsider, ECF No. 28.) On May 13, 2016, Judge Freeman denied the motion for reconsideration because Defendants did not show that she had overlooked any material facts or controlling law. (May 13, 2016, Order, ECF No. 30.) Judge Freeman reiterated, "If Plaintiffs later assert more than 'garden variety' emotional distress, then Defendant may seek relief at that time." On May 17, 2016, Defendants again renewed their motion, on the grounds that Plaintiffs refused to stipulate that they would seek only garden variety emotional distress damages. (Def.'s May 17, 2016, Mot., ECF No. 31.) Plaintiffs

3

responded that they found such a stipulation to be unnecessary in light of Judge Freeman's earlier Orders permitting Defendants to renew their motion if Plaintiffs sought more than garden variety damages. (Pl.'s Opp., ECF No. 32.) On May 20, 2016, Judge Freeman again denied Defendants' motion. (May 20, 2016, Order, ECF No. 33.) It is to that May 20, 2016, Order that Defendants now object, as they ask this Court to set aside Judge Freeman's decision and compel the requested discovery. (Def.'s Objections, ECF No. 36.)

### B. Motion to Extend Discovery

On August 14, 2015, Judge Freeman issued a scheduling order, requiring that all fact discovery be completed by February 15, 2016. (Aug. 14, 2015, Order, ECF No. 16.) On February 12, 2016, Defendants filed a letter motion requesting an extension of time to May 15, 2016, to complete fact discovery. (Def.'s Mot. Extension, ECF No. 23.) On February 17, 2016, this motion was granted. (Feb. 17, 2016, Order, ECF No. 24.)

On May 17, 2016, Defendants filed a letter motion for an additional extension of time to complete discovery. (Def.'s May 17, 2016. Mot.) They stated that because the back-and-forth regarding the motion to compel was ongoing, they had delayed taking Plaintiffs' depositions, as "Defendants fervently believe that they are entitled to definitively know prior to taking the Plaintiffs' depositions that this litigation only involves allegations of 'garden variety' damages because if this is not the case Defendants are entitled to receive the relevant documents discovery prior to taking the depositions." (*Id.* at 2.) In her Order dated May 20, 2016, Judge Freeman denied Defendants' request. (May 20, 2016, Order.) Defendants also object to this decision by Judge Freeman. (Def.'s Objections.)

## STANDARD OF REVIEW

**a. Review of Order By Magistrate Judge**

A magistrate judge possesses wide discretion in handling discovery disputes. *Auto. Club of New York, Inc. v. The Port Auth. Of New York & New Jersey*, No. 11 Civ. 6746 (RKE), 2015 WL 3404000, at *2 (S.D.N.Y. May 27, 2015). Given this broad discretion, "[a] party seeking to overturn a discovery order bears a heavy burden." *AP Links, LLC v. Global Golf, Inc.*, No. 08 Civ. 1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar 14, 2011) (internal citations omitted).

However, when a magistrate judge enters a nondispositive order like a discovery order, and a party objects, a district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law," Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Thomas E. Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (pre-trial discovery issues are generally considered non-dispositive matters); *Sheikan v. Lenox Hill Hospital*, 98 Civ. 6468, 1999 WL 386714, *1 (S.D.N.Y. June 11, 1999) (Rule 72(a) standard applies to discovery orders). A finding is "clearly erroneous" when "on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). A finding is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane,* No. 95 Civ. 2442 (SHS) (AJP), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (quoting *Securities and Exchange Comm'n v. Thrasher,* No. 92 Civ. 6987 (JFK), 1995 WL 456402 at *12 (S.D.N.Y. Aug. 2, 1995)) (internal quotation marks omitted).

## DISCUSSION

Upon careful review of the parties' submissions and Judge Freeman's Orders, the Court declines to set aside either of the challenged decisions, as neither was clearly erroneous or contrary to law.

### a. Motion to Compel

Defendants object to Judge Freeman's Order denying their motion to compel. Defendants contend that Judge Freeman overlooked critical facts and failed to apply relevant law by premising her Order on a belief that Plaintiffs would not seek emotional distress damages beyond garden variety damages. (Def.'s Objections 10.) Defendants argue that by refusing to sign a proposed stipulation precluding Plaintiffs from seeking non-garden variety damages, "Plaintiffs have essentially confirmed their intention to continue to assert claims for severe emotional distress." (*Id*. at 11.) Accordingly, they argue, Judge Freeman committed clear error by refusing to grant Defendants' request to compel Plaintiffs to identify all healthcare providers, in order to shed light on other possible sources of emotional distress. *Id*.

Under Fed. R. Civ. P. 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b). Thus, though a party does have a privacy interest in her medical records, she waives that privacy interest in any relevant medical records when she puts her physical or mental condition into issue in the litigation. *See Manessis v. New York City Dep't of Transp.*, No. 02 CIV. 359 (SAS) (DJF), 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002); *see also Gill v. Gilder*, No. 95 Civ. 7933 (RWS), 1997 WL 419983, at *3 (S.D.N.Y. July 28, 1997) (collecting cases). The question then becomes at what point a plaintiff has put her physical or mental condition into issue.

6

In this Circuit, "courts have held that where a plaintiff seeks damages for 'garden-variety' emotional distress, the plaintiff has not put his medical history in issue, nor has he waived his physician-patient privilege." *Brown v. Kelly*, No. 05 Civ. 5442 (SAS), 2007 WL 1138877, at *2 (S.D.N.Y. Apr. 16, 2007) (collecting cases). "Garden variety" claims are those where:

> the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or the consequences of the injury. Such claims typically lack extraordinary circumstances and are not supported by any medical corroboration.

*Mugavero v. Arms Acres, Inc.*, 680 F. Supp. 2d 544, 578 (S.D.N.Y. 2010) (quoting *Olsen v. County of Nassau,* 615 F.Supp.2d 35, 46-47 (E.D.N.Y. 2009)) (internal quotation marks omitted). Because of the limited nature of the emotional distress alleged in such cases, it follows that "there is no need to examine plaintiff's full medical history or require a waiver of all physician-patient or psychotherapist-patient confidentiality." *Brown*, 2007 WL 1138877, at *2. In such cases, even if medical records "may reveal some alternative explanation for the emotional distress allegedly suffered by the claimants," "defendants' contention that any physical malady might cause emotional distress scarcely gives defendants a license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress." *E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 123 (W.D.N.Y. 2009) (quoting *Evanko v. Elec. Sys. Associates, Inc.*, No. 91 Civ. 2851 (LMM), 1993 WL 14458, at *2 (S.D.N.Y. Jan. 8, 1993)).

It is clear, then, that Judge Freeman's Order was appropriate so long as the Plaintiffs only seek garden variety damages. If Plaintiffs seek only garden variety damages, then they need not provide medical corroboration for any alleged injury, nor can they be said to have put their entire physical and mental condition at issue. Defendants' argument to the contrary, and in particular their assertion that they have the right to discover any possible alternate sources of emotional

7

distress in Plaintiffs' lives, highlights the concerns expressed by earlier courts about allowing intrusive discovery of limited relevance in cases of this type. Defendants, in their own words, seek to discover events like sexual assaults, miscarriages, and incidents of sexually transmitted diseases in Plaintiffs' past—exactly the kind of painful or potentially embarrassing events for which Defendants may not "rummage through" Plaintiffs' lives. *E.E.O.C.*, 256 F.R.D. at 123; *see also Kunstler v. City of New York*, No. 04 Civ. 1145(RWS) (MHD), 2006 WL 2516625, at *4 (S.D.N.Y. Aug. 29, 2006), *aff'd*, 242 F.R.D. 261 (S.D.N.Y. 2007) ("Alternatively, if defendants are in fact now seeking records of all medical care rendered to the plaintiffs starting ten years before their arrests and irrespective of what maladies the plaintiffs were being treated for, the request is self-evidently overbroad.")

The Court has no reason to doubt Plaintiffs' representation, accepted too by Judge Freeman, that they seek only garden variety emotional distress damages. Defendants assert that Plaintiffs' complaint asserts "extreme emotional distress," but this is not the case. The complaint actually asserts, "Plaintiffs have suffered and continue to suffer impairment and damage to their good names and reputations, severe and lasting embarrassment, emotional pain, inconvenience, anguish, and other incidental and consequential damages and expenses." (*See, e.g.*, Compl. ¶ 92.) Because these claims of emotional distress are simple and usual, do not refer to any specific psychiatric disorder, and are the types of distress that any "healthy, well-adjusted person" would likely feel as a result of being victimized, *Kunstler v. City of New York*, No. 04 Civ. 1145 (RWS) (MHD), 2006 WL 2516625, at *2 (S.D.N.Y. Aug. 29, 2006), the damages alleged in the complaint are garden variety emotional distress damages.

Furthermore, Judge Freeman repeatedly provided that if at a later date, Plaintiffs do assert more than garden variety emotional distress, Defendants may at that time renew their motion to

compel. Her decision correctly considered the relevance of the requested discovery to the case and alleged damages now before the Court, while still allowing Defendants the chance for later discovery, if the situation changes. This decision was neither clearly erroneous nor contrary to law, and the Court will not set it aside.

### b. Motion to Extend Discovery

Defendants next assert that Judge Freeman erred in denying Defendants' request for an extension of the May 15, 2016 fact discovery deadline in order to depose Plaintiffs during the first week of June, 2016. (Def.'s Objections 13.) Defendants argue that they needed this additional time because they were under the belief that they did not need to depose the Plaintiffs until after Judge Freeman decided their motion to compel (*Id.*) Defendants claim that they came to that belief based on statements made by Judge Freeman during status conferences held on January 27, 2016, and February 29, 2016. (*Id.*)

Under Rule 16(b), a magistrate judge, when authorized as here by the district court, may enter scheduling orders concerning the time of completion for discovery. *See* Fed. R. Civ. P. 16(b). After it is entered, a "scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'Good cause' means that despite the moving party's diligence the schedule cannot be reasonably met. *AMW Material Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 71 (E.D.N.Y. 2003) (citation omitted). "The Rule 16(b)(4) 'good cause' inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) (citing *Kassner v. 2nd Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir. 2007)).

9

"The burden of demonstrating good cause rests with the movant." *Id.* (citing *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009)).

At the January 27, 2016, status conference, Defendants stated that they had given Plaintiffs notice of the depositions, "but we were having this whole dispute about the medical records, so we were holding off to get those records . . ." (Jan. 27, 2016, H'rg Tr., ECF No. 32, 17.) Judge Freeman cautioned, "[O]ne of the biggest holdups in a case sometimes is the cooperation of third party providers . . . you always run the risk that even if you have authorizations and even if there's no dispute, it may delay things a bit if you're waiting for records before a deposition." (*Id.* at 18.) However, she continued, "If you need more time, I'll give you more time." (*Id.*) Finally, she instructed the parties to confer and propose a modification of the schedule. (*Id.* 19.) Several weeks later, on February 17, 2016, the parties submitted a proposed modified discovery schedule that extended the deadline for fact discovery to May 15, 2016. (Feb. 17, 2016, Order, ECF No. 24.) Judge Freeman granted the proposed modification, but informed the parties, "No further extension without good cause shown." (*Id.*)

At the conference held February 29, 2016, Judge Freeman and the parties discussed Defendants' request for all medical records. Judge Freeman instructed the parties to submit letter motions, and stated, "I'll take a look at it, and I'll memo endorse something and say either yes, you get to get these records in advance of deposition or no you don't." (Feb. 29, 2016, Hr'g Tr., Exh. B, Def.'s Objections, ECF No. 37-2, 8.) Two months later—and only a month before the discovery deadline—Defendants submitted their letter motion requesting that Plaintiffs be compelled to identify the healthcare providers and provide signed authorizations. (Def.'s Mot. Compel.) On April 14, 2016, at a status conference, Judge Freeman told the parties that they should depose Plaintiffs prior to her ruling on the motion to compel. (Def.'s Objections 13.) Less

than three weeks later, on May 3, 2016, Judge Freeman denied the motion to compel, and thus denied Defendants' the request that they be given the medical records prior to Plaintiffs' depositions. (May 3, 2016, Order.) At that time, nearly two weeks remained before the close of fact discovery. On May 17, 2016—two days after the close of fact discovery—Defendants submitted a request for an extension of discovery to early June. (Def's May 17, 2016, Mot.) Judge Freeman denied that request with her May 20, 2016, Order. (May 20, 2016, Order.)

Judge Freeman's Order was neither clearly erroneous nor contrary to law, as Defendants do not show "good cause" for the modification of the discovery schedule—that is, Defendants do not show that despite their diligence, the schedule could not be met, see *AMW Material Testing*, 215 F.R.D. at 71. Even if, as Defendants argue, they believed they were to wait until Judge Freeman ruled on their motion to compel before they scheduled Plaintiffs' depositions, they offer no explanation for the post-decision delay. Judge Freeman denied their motion on May 3, 2016, yet there is no evidence that Defendants made any effort to schedule the depositions after that ruling and before the close of fact discovery nearly two weeks later.[1] Further, while Defendants filed two additional requests for Judge Freeman to reconsider her decision, Defendants knew from the April conference that Judge Freeman expected them to proceed with the depositions even if she had not ruled on the motion yet, and they also must have known that reconsideration was unlikely. *See, e.g., DDR Const. Servs., Inc. v. Siemens Indus.*, Inc., No. 09 Civ. 9605 (ALC), 2012 WL 4711677, at *2 (S.D.N.Y. Sept. 26, 2012) ("The reconsideration of a prior order . . . is rare and only used in the most extreme circumstances.") By continuing to delay the scheduling of the depositions, Defendants did not show diligence in attempting to comply with the existing

---

[1] In fact, Plaintiffs submit evidence indicating that Defendants did not attempt to schedule the depositions until May 12, 2016, and that at that time, Defendants proposed the depositions take place in early June, 2016, *after* the close of discovery. (*See* Exh. F, Pl.'s Opp.)

11

scheduling order, s*ee Ritchie*, 282 F.R.D. at 79. Thus, Judge Freeman's decision was appropriate, and Defendants' motion to set it aside is denied in full.

## CONCLUSION

Based on the foregoing, Defendants' objections to the May 20, 2016 Electronic Order are overruled.

**SO ORDERED.**

**Dated:** July 25, 2016
       **New York, New York**

                                              **ANDREW L. CARTER, JR.**
                                              **United States District Judge**